# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
# CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

**1. SEE NOTICE ON REVERSE**  **2. PLEASE TYPE OR PRINT**  **3. STAPLE ALL ADDITIONAL PAGES**

| Case Caption: | District Court or Agency: | Judge: |
|---|---|---|
| Stidhum v. 161-10 Hillside Auto Ave, LLC, et al. | S.D.N.Y. | Gonzelez, U.S.D.J. |
| | Date the Order or Judgment Appealed from was Entered on the Docket: 9/15/2022 | District Court Docket No.: 1:21-cv-7163 (HG) (RLM) |
| | Date the Notice of Appeal was Filed: 10/14/2022 | Is this a Cross Appeal? ☐ Yes ☑ No |

| Attorney(s) for Appellant(s): ☐ Plaintiff ☑ Defendant | Counsel's Name: Address: Telephone No.: Fax No.: E-mail: Milman Labuda Law Group PLLC, Emanuel Kataev, Esq. 3000 Marcus Avenue, Suite 3W8, Lake Success, NY 11042-1073, (516) 303-1395, (516) 328-0082, emanuel@mllaborlaw.com |
|---|---|

| Attorney(s) for Appellee(s): ☑ Plaintiff ☐ Defendant | Counsel's Name: Address: Telephone No.: Fax No.: E-mail: Troy Law, PLLC, Tiffany Troy, Esq., 4125 Kissena Boulevard, Suite 110, Flushing, NY 11355, (718) 762-1324, (718) 762-1342, troylaw@troypllc.com |
|---|---|

| Has Transcript Been Prepared? N/A | Approx. Number of Transcript Pages: N/A | Number of Exhibits Appended to Transcript: N/A | Has this matter been before this Circuit previously? ☑ Yes ☐ No |
|---|---|---|---|
| | | | If Yes, provide the following: Case Name: Stidhum v. 161-10 Hillside Auto Ave, LLC |
| | | | 2d Cir. Docket No.: 21-1653  Reporter Citation: (i.e., F.3d or Fed. App.) 2022 WL 1087144 |

*ADDENDUM "A"*: COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION; (2) THE RESULT BELOW; (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.

*ADDENDUM "B"*: COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.

## PART A: JURISDICTION

| 1. Federal Jurisdiction | | 2. Appellate Jurisdiction | |
|---|---|---|---|
| ☐ U.S. a party | ☐ Diversity | ☐ Final Decision | ☐ Order Certified by District Judge (i.e., Fed. R. Civ. P. 54(b)) |
| ☑ Federal question (U.S. not a party) | ☐ Other (specify): _____ | ☑ Interlocutory Decision Appealable As of Right | ☐ Other (specify): _____ |

**IMPORTANT. COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.**

**FORM C** (Rev. October 2016)

| PART B: DISTRICT COURT DISPOSITION   (Check as many as apply) |||
|---|---|---|
| 1. Stage of Proceedings<br>☑ Pre-trial<br>☐ During trial<br>☐ After trial | 2. Type of Judgment/Order Appealed<br>☐ Default judgment ☐ Dismissal/other jurisdiction<br>☐ Dismissal/FRCP 12(b)(1) ☐ Dismissal/merit<br>   lack of subject matter juris. ☐ Judgment / Decision of the Court<br>☑ Dismissal/FRCP 12(b)(6) ☐ Summary judgment<br>   failure to state a claim ☐ Declaratory judgment<br>☐ Dismissal/28 U.S.C. § 1915(e)(2) ☐ Jury verdict<br>   frivolous complaint ☐ Judgment NOV<br>☐ Dismissal/28 U.S.C. § 1915(e)(2) ☐ Directed verdict<br>   other dismissal ☐ Other (specify): | 3. Relief<br>☐ Damages:         ☐ Injunctions:<br>☐ Sought: $_____    ☐ Preliminary<br>☐ Granted: $_____   ☐ Permanent<br>☐ Denied: $_____    ☐ Denied |

| PART C: NATURE OF SUIT   (Check as many as apply) |||||
|---|---|---|---|---|
| 1. Federal Statutes |||  2. Torts | 3. Contracts | 4. Prisoner Petitions |
| ☐ Antitrust<br>☐ Bankruptcy<br>☐ Banks/Banking<br>☑ Civil Rights<br>☐ Commerce<br>☐ Energy<br>☐ Commodities<br>☑ Other (specify): Title VII, Discrimination | ☐ Communications<br>☐ Consumer Protection<br>☐ Copyright ☐ Patent<br>☐ Trademark<br>☐ Election<br>☐ Soc. Security<br>☐ Environmental | ☐ Freedom of Information Act<br>☐ Immigration<br>☐ Labor<br>☐ OSHA<br>☐ Securities<br>☐ Tax | ☐ Admiralty/<br>   Maritime<br>☐ Assault /<br>☐ Defamation<br>☐ FELA<br>☐ Products Liability<br>☐ Other (Specify): | ☐ Admiralty/<br>   Maritime<br>☐ Arbitration<br>☐ Commercial<br>☐ Employment<br>☐ Insurance<br>☐ Negotiable<br>   Instruments<br>☐ Other Specify | ☐ Civil Rights<br>☐ Habeas Corpus<br>☐ Mandamus<br>☐ Parole<br>☐ Vacate Sentence<br>☐ Other |

| 5. Other | 6. General | 7. Will appeal raise constitutional issue(s)? |
|---|---|---|
| ☐ Hague Int'l Child Custody Conv.<br>☐ Forfeiture/Penalty<br>☐ Real Property<br>☐ Treaty (specify):<br>☐ Other (specify): | ☐ Arbitration<br>☐ Attorney Disqualification<br>☐ Class Action<br>☐ Counsel Fees<br>☐ Shareholder Derivative<br>☐ Transfer | ☐ Yes ☑ No<br><br>Will appeal raise a matter of first impression?<br><br>☐ Yes ☑ No |

1. Is any matter relative to this appeal still pending below? ☐ Yes, specify: _____    ☑ No

2. To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:
   (A) Arises from substantially the same case or controversy as this appeal?   ☐ Yes  ☑ No
   (B) Involves an issue that is substantially similar or related to an issue in this appeal?   ☐ Yes  ☑ No

If yes, state whether ☐ "A," or ☐ "B," or ☐ both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name: | Docket No. | Citation: | Court or Agency: |
|---|---|---|---|
| N/A | N/A | N/A | N/A |

Name of Appellant: 161-10 HILLSIDE AUTO AVE, LLC d/b/a HillsideAuto Outlet, HILLSIDE AUTO MALL INC. d/b/a Hillside Auto Mall, ISHAQUE THANWALLA, JORY BARON, RONALD M. BARON, and ANDRIS GUZMAN

| Date: 11/9/2022 | Signature of Counsel of Record: /s/ Emanuel Kataev, Esq. |
|---|---|

## NOTICE TO COUNSEL

**Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only 14 days in which to complete the following important steps:**
1. Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.
2. File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.
3. Pay the $505 docketing fee to the United States District Court or the $500 docketing fee to the United States Tax Court unless you are authorized to prosecute the appeal without payment.

> **PLEASE NOTE: IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED.** *SEE* LOCAL RULE 12.1.

**FORM C** (Rev. December 2016)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
----------------------------------------------------------------X
LETICIA FRANCINE STIDHUM,

                        Plaintiff,

    -against-

161-10 HILLSIDE AUTO AVE, LLC d/b/a Hillside
Auto Outlet, HILLSIDE AUTO MALL INC. d/b/a
Hillside Auto Mall, ISHAQUE THANWALLA,
JORY BARON, RONALD M. BARON, and
ANDRIS GUZMAN,

                        Defendants.
----------------------------------------------------------------X

**Docket No.: 22-2714**

**ADDENDUM "A" TO CIVIL PRE-ARGUMENT STATEMENT**

Brief, but not perfunctory, description of the nature of the action

Plaintiff Leticia Francine Stidhum pursues causes of action for discrimination on the basis of sex in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Pregnancy Discrimination Act, discrimination on the basis of disability and sex under the New York State Human Rights Law, and discrimination on the basis of pregnancy under the New York City Human Rights Law against a dealership and its owners and managers where she worked as a salesperson because, after she notified her colleagues and supervisors that she was pregnant on December 1, 2018, she purportedly began having to wait forty to sixty minutes for the Finance and Insurance department to assist her with sales rather than the twenty minutes she usually waited, which she alleges resulted in her losing sales to impatient customers, and thus reducing her take home pay, causing her to voluntarily quit her job of her own accord a month-and-a-half later.

The result below

Defendants moved to dismiss for failure to state a claim upon which relief can be granted because Plaintiff failed to allege an adverse employment action. While the motion court agreed that the waiting times were not, in and of themselves, an adverse employment action, it nonetheless found that the resultant reduction in her take-home pay due to lack of sales constituted an adverse employment action sufficient to state a claim for relief under Title VII.

A copy of the notice of appeal, a current copy of the lower court docket sheet, and all relevant orders/opinions forming the basis for this appeal, including transcripts of orders issued from the bench or in chambers

These items follow below *seriatim*.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
LETICIA FRANCINE STIDHUM,

                                Plaintiff,

        -against-

161-10 HILLSIDE AUTO AVE, LLC d/b/a Hillside
Auto Outlet, HILLSIDE AUTO MALL INC. d/b/a
Hillside Auto Mall, ISHAQUE THANWALLA,
JORY BARON, RONALD M. BARON, and
ANDRIS GUZMAN,

                                Defendants.
-------------------------------------------------------------------X

Case No.: 1:21-cv-7163 (HG) (RLM)

**NOTICE OF APPEAL**

        Notice is hereby respectfully given that Defendants 161-10 Hillside Auto Ave, LLC d/b/a Hillside Auto Outlet, Hillside Auto Mall Inc. d/b/a Hillside Auto Mall, Ishaque Thanwalla, Jory Baron, Ronald M. Baron, and Andris Guzman, the Defendants in the above-named case hereby appeal to the United States Court of Appeals for the Second Circuit from that portion of the Judgment of the Hon. Hector Gonzalez, U.S.D.J. entered on the 15th day of September, 2022 denying Defendants' motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Dated: Lake Success, New York
       October 14, 2022

**MILMAN LABUDA LAW GROUP PLLC**

  _/s Emanuel Kataev, Esq._____
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 303-1395 (direct dial)
(516) 328-0082 (facsimile)
emanuel@mllaborlaw.com

*Attorneys for Defendants*

cc:    Plaintiff (via ECF).

Hector Gonzalez, presiding
Roanne L. Mann, referral
Date filed: 12/29/2021
Date of last filing: 11/09/2022

# History

R Create an Alert for This Case on RECAP

| Doc. No. | Dates | | Description |
|---|---|---|---|
| | *Filed & Entered:* | 12/29/2021 | Case Assigned/Reassigned |
| | *Docket Text:* Case Assigned to Judge Pamela K. Chen and Magistrate Judge Roanne L. Mann. Please download and review the Individual Practices of the assigned Judges, located on our website. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. (Davis, Kimberly) | | |
| | *Filed & Entered:* | 12/29/2021 | Notice of Related Case |
| | *Docket Text:* Notice of Related Case: **The Civil Cover Sheet filed in this civil action indicates a related case.** (Davis, Kimberly) | | |
| 1 | *Filed & Entered:* | 12/29/2021 | Complaint |
| | *Docket Text:* COMPLAINT against 161-10 Hillside Auto Ave, LLC, Jory Baron, Ronald M Baron, Andris Guzman, Hillside Auto Mall, Inc., Ishaque Thanwalla filing fee $ 402, receipt number ANYEDC-15151490 Was the Disclosure Statement on Civil Cover Sheet completed -NO,, filed by Leticia Francine Stidhum. (Attachments: # (1) Exhibit 01 Document Preservation Demand, # (2) Exhibit 02 Notice of Lien and Assignment, # (3) Exhibit 03 Notice that Retaliation is Illegal under Title VII) (Troy, John) | | |
| 2 | *Filed & Entered:* | 12/29/2021 | Proposed Summons/Civil Cover Sheet |
| | *Docket Text:* Proposed Summons.Civil Cover Sheet.. by Leticia Francine Stidhum (Attachments: # (1) Proposed Summons) (Troy, John) | | |
| 3 R | *Filed & Entered:* | 12/29/2021 | Notice of Appearance |
| | *Docket Text:* NOTICE of Appearance by Aaron Schweitzer on behalf of Leticia Francine Stidhum (aty to be noticed) (Schweitzer, Aaron) | | |
| 4 R | *Filed & Entered:* | 12/29/2021 | Notice of Appearance |
| | *Docket Text:* NOTICE of Appearance by Tiffany Troy on behalf of Leticia Francine Stidhum (aty to be noticed) (Troy, Tiffany) | | |
| 5 R | *Filed & Entered:* | 12/29/2021 | Clerks Notice of Rule 73 |
| | *Docket Text:* In accordance with Rule 73 of the Federal Rules of Civil Procedure and Local Rule 73.1, the parties are notified that *if* all parties consent a United States magistrate judge of this court is available to conduct all proceedings in this civil action including a (jury or nonjury) trial and to order the entry of a final judgment. Attached to the Notice is a blank copy of the consent form that should be filled out, signed and filed electronically **only if all** parties wish to consent. The form may also be accessed at the following link: http://www.uscourts.gov/uscourts/FormsAndFees/Forms/AO085.pdf. **You may withhold your consent without adverse substantive consequences.** **Do NOT return or file the consent unless all parties have signed the consent.** (Davis, Kimberly) | | |
| 6 R | *Filed & Entered:* | 12/29/2021 | Quality Control Check - Attorney Case Opening |
| | *Docket Text:* This attorney case opening filing has been checked for quality control. See the attachment for corrections that were made, if any. (Davis, Kimberly) | | |

| | | | |
|---|---|---|---|
| 7 R | Filed & Entered: | 12/29/2021 | Summons Issued |
| | Docket Text: Summons Issued as to 161-10 Hillside Auto Ave, LLC, Jory Baron, Ronald M Baron, Andris Guzman, Hillside Auto Mall, Inc., Ishaque Thanwalla. (Davis, Kimberly) | | |
| 8 R | Filed & Entered:<br>Terminated: | 03/29/2022<br>04/01/2022 | Motion to Stay |
| | Docket Text: MOTION to Stay *Case Pending Resolution of Court of Appeals Ruling*, MOTION for Extension of Time to File *Serve Process* by Leticia Francine Stidhum. (Troy, John) | | |
| 9 | Filed & Entered: | 03/29/2022 | Notice of Appearance |
| | Docket Text: NOTICE of Appearance by Emanuel Kataev on behalf of 161-10 Hillside Auto Ave, LLC, Jory Baron, Ronald M Baron, Andris Guzman, Hillside Auto Mall, Inc., Ishaque Thanwalla (aty to be noticed) (Kataev, Emanuel) | | |
| 10 | Filed & Entered: | 03/29/2022 | Waiver of Service Executed |
| | Docket Text: WAIVER OF SERVICE Returned Executed by Ronald M Baron, Ishaque Thanwalla, Hillside Auto Mall, Inc., Andris Guzman, 161-10 Hillside Auto Ave, LLC, Jory Baron. Ronald M Baron waiver sent on 3/29/2022, answer due 5/28/2022; Ishaque Thanwalla waiver sent on 3/29/2022, answer due 5/28/2022; Hillside Auto Mall, Inc. waiver sent on 3/29/2022, answer due 5/28/2022; Andris Guzman waiver sent on 3/29/2022, answer due 5/28/2022; 161-10 Hillside Auto Ave, LLC waiver sent on 3/29/2022, answer due 5/28/2022; Jory Baron waiver sent on 3/29/2022, answer due 5/28/2022. (Kataev, Emanuel) | | |
| | Filed & Entered: | 04/01/2022 | Order on Motion to Stay |
| | Docket Text: ORDER: The Court is in receipt of Plaintiff's [8] request to (1) stay this case pending resolution of the appeal in *Stidhum v. 161-10 Hillside Auto Ave., LLC*, No. 21-01653 (2d Cir.) (*"Stidhum I"*) and (2) extend the time to serve process in this matter until thirty (30) days after the resolution of that appeal. For the reasons stated in Plaintiff's letter, the Court finds that the requested stay is in the interests of the Court and parties, and that good cause exists for extending the time for Plaintiff to serve Defendant with the complaint in this matter. Therefore, within seven (7) days of the Second Circuit issuing a decision in *Stidhum I*, Plaintiff shall notify the Court by filing a letter on the docket. Until that time, Plaintiff shall file a status report in this case every thirty (30) days, updating the Court on the status of this case and informing the Court whether the appeal in *Stidhum I* is still pending. Until further order from the Court, this case is hereby stayed. Ordered by Judge Pamela K. Chen on 4/1/2022. (Stephan, Keegan) | | |
| | Filed & Entered: | 04/28/2022 | Scheduling Order |
| | Docket Text: ORDER: On April 1, 2022, this Court ordered Plaintiff to "notify the Court by filing a letter on the docket" "within seven (7) days of the Second Circuit issuing a decision in [*Stidhum v. 161-10 Hillside Auto Ave., LLC*, No. 21-01653 (2d Cir.) (*"Stidhum I"*)]." (04/01/2022 Docket Order.) The Second Circuit issued its decision on April 12, 2022. *Stidhum I*, Dkt. 9. As of today, April 28, 2022, Plaintiff has not filed a letter on the docket to notify the Court. Accordingly, on or before May 4, 2022, Plaintiff shall file a letter on the docket with proposed next steps on how this case should proceed. Ordered by Judge Pamela K. Chen on 4/28/2022. (Stephan, Keegan) | | |
| | Filed & Entered: | 05/04/2022 | Order |
| | Docket Text: ORDER: The Court thanks Plaintiff for the [11] status update. Plaintiff's request for an initial pre-trial conference to set a case management plan should be directed to the Honorable Roanne L. Mann, U.S.M.J. Ordered by Judge Pamela K. Chen on 5/4/2022. (Stephan, Keegan) | | |
| 11 R | Filed & Entered: | 05/04/2022 | Letter |
| | Docket Text: Letter *Plaintiffs Letter Detailing Proposed Next Steps in Pending Action /mh* by Leticia Francine Stidhum (Troy, John) | | |
| 12 R | Filed & Entered: | 05/05/2022 | Letter |
| | Docket Text: Letter *Plaintiffs Motion Requesting an Initial Pre-Trial Conference or Permission to Submit a Proposed Case Management Plan /mh* by Leticia Francine Stidhum (Troy, John) | | |
| 13 R | Filed & Entered: | 05/06/2022 | Scheduling Order |
| | Docket Text: SCHEDULING ORDER: Application granted. A telephonic initial conference will be held on **June 21, 2022 at 2:00 p.m.** <u>See</u> attached order. Plaintiff's counsel, who has litigated many cases before this Court, is reminded | | |

| | | | |
|---|---|---|---|
| | that requests for judicial relief from this magistrate judge must be docketed as ECF motion events. SEE ATTACHED: ORDER, INITIAL CONFERENCE QUESTIONNAIRE, AND MANDATORY REQUIREMENTS FOR CONFERENCE.<br><br>Counsel are directed to confer to jointly fill out and docket the attached questionnaire by 2:00 p.m. on **June 17, 2022**.<br><br>*** To dial in to the initial conference, the parties are directed to call (877) 336-1839 and type in the access code 6672833.<br><br>If the parties are initially unable to connect to the call, please try again as the third-party conference call system has been overloaded at times.Ordered by Magistrate Judge Roanne L. Mann on 5/6/2022. (LK) | | |
| | Filed & Entered: | 05/13/2022 | Case Assigned/Reassigned |
| | *Docket Text:* Case Reassigned to Judge Hector Gonzalez. Judge Pamela K. Chen no longer assigned to the case. Please download and review the Individual Practices of the assigned Judges, located on our website. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. (Mahoney, Brenna) | | |
| 14 R | Filed & Entered:<br>Terminated: | 05/27/2022<br>06/03/2022 | Motion for Pre Motion Conference |
| | *Docket Text:* Letter MOTION for pre motion conference *in anticipation of Defendants' motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6)* by 161-10 Hillside Auto Ave, LLC, Jory Baron, Ronald M Baron, Andris Guzman, Hillside Auto Mall, Inc., Ishaque Thanwalla. (Kataev, Emanuel) | | |
| | Filed & Entered: | 06/03/2022 | Order on Motion for Pre Motion Conference |
| | *Docket Text:* SCHEDULING ORDER re [14] Motion for Pre-Motion Conference. The Court sets a briefing schedule on the motion to dismiss in lieu of a pre-motion conference: Defendants' motion is due June 27, 2022, Plaintiff's opposition is due July 18, 2022 and the reply, if any, is due July 25, 2022. The parties are directed to review Section IV.B of this Court's Individual Practices. Ordered by Judge Hector Gonzalez on 6/3/2022. (Nkodo, Julie-Irene) | | |
| 15 R | Filed & Entered: | 06/03/2022 | Response in Opposition to Motion |
| | *Docket Text:* RESPONSE in Opposition re [14] Letter MOTION for pre motion conference *in anticipation of Defendants' motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) /mh* filed by Leticia Francine Stidhum. (Troy, John) | | |
| 16 | Filed & Entered: | 06/17/2022 | Case Management Statement |
| | *Docket Text:* CASE MANAGEMENT STATEMENT *Joint Initial Conference Questionnaire /mh* (Troy, John) | | |
| 17 | Filed & Entered: | 06/21/2022 | Set Deadlines/Hearings |
| | *Docket Text:* Minute Entry for Initial Conference Hearing held before Magistrate Judge Roanne L. Mann on 6/21/2022. The Court conducts a telephonic initial conference. The parties are to cure their failure to exchange initial disclosures by June 26, 2022. An in-person settlement conference is set for **October 3, 2022, at 2:00 p.m.**; clients must participate. By September 29, 2022, the parties are to send to the Court, via email, copies of documents that are critical to settlement discussions; all pre-settlement conference documents should be cc'd to opposing counsel. Pleadings for all parties may be amended and new parties added as of right by August 12, 2022. The parties do not anticipate utilizing experts. Fact discovery must be completed by December 30, 2022. The parties have until January 11, 2023, to request a premotion conference before Judge Gonzalez. See attached. (Ertzbischoff, Natasha) | | |
| 18 | Filed & Entered:<br>Terminated: | 06/27/2022<br>09/15/2022 | Motion to Dismiss for Failure to State a Claim |
| | *Docket Text:* Notice of MOTION to Dismiss for Failure to State a Claim *pursuant to Fed. R. Civ. P. 12(b)(6)* by 161-10 Hillside Auto Ave, LLC, Jory Baron, Ronald M Baron, Andris Guzman, Hillside Auto Mall, Inc., Ishaque Thanwalla. (Kataev, Emanuel) | | |
| 19 | Filed & Entered: | 06/27/2022 | Memorandum in Support |
| | *Docket Text:* MEMORANDUM in Support re [18] Notice of MOTION to Dismiss for Failure to State a Claim *pursuant to Fed. R. Civ. P. 12(b)(6)* filed by 161-10 Hillside Auto Ave, LLC, Jory Baron, Ronald M Baron, Andris | | |

| | | | |
|---|---|---|---|
| | | | Guzman, Hillside Auto Mall, Inc., Ishaque Thanwalla. (Kataev, Emanuel) |
| 20 | Filed & Entered: | 06/27/2022 | Affidavit in Support of Motion |
| | *Docket Text:* AFFIDAVIT/DECLARATION in Support re [18] Notice of MOTION to Dismiss for Failure to State a Claim *pursuant to Fed. R. Civ. P. 12(b)(6)* filed by 161-10 Hillside Auto Ave, LLC, Jory Baron, Ronald M Baron, Andris Guzman, Hillside Auto Mall, Inc., Ishaque Thanwalla. (Attachments: # (1) Exhibit A - Plaintiff's complaint) (Kataev, Emanuel) | | |
| 21 | Filed & Entered: | 07/18/2022 | Memorandum in Opposition |
| | *Docket Text:* MEMORANDUM in Opposition re [18] Notice of MOTION to Dismiss for Failure to State a Claim *pursuant to Fed. R. Civ. P. 12(b)(6)* filed by Leticia Francine Stidhum. (Troy, John) | | |
| 22 | Filed & Entered: | 07/25/2022 | Transcript |
| | *Docket Text:* TRANSCRIPT of Proceedings held on June 21, 2022, before Judge Mann. Court Transcriber: Transcriptions Plus II, Inc.. Email address: RL.Transcriptions2@gmail.com. Transcript may be viewed at the court public terminal or purchased through the Court Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.File redaction request using event "Redaction Request - Transcript" located under "Other Filings - Other Documents". Redaction Request due 8/15/2022. Redacted Transcript Deadline set for 8/25/2022. Release of Transcript Restriction set for 10/23/2022. (Rocco, Christine) | | |
| 23 | Filed & Entered: | 07/25/2022 | Reply in Support |
| | *Docket Text:* REPLY in Support re [18] Notice of MOTION to Dismiss for Failure to State a Claim *pursuant to Fed. R. Civ. P. 12(b)(6)* filed by 161-10 Hillside Auto Ave, LLC, Jory Baron, Ronald M Baron, Andris Guzman, Hillside Auto Mall, Inc., Ishaque Thanwalla. (Kataev, Emanuel) | | |
| 24 R | Filed & Entered: | 09/15/2022 | Order on Motion to Dismiss for Failure to State a Claim |
| | *Docket Text:* ORDER denying [18] Motion to Dismiss for Failure to State a Claim. For the reasons set forth in the attached Order, Defendants' motion to dismiss is denied. Ordered by Judge Hector Gonzalez on 9/15/2022. (Nkodo, Julie-Irene) | | |
| 25 | Filed & Entered:<br>Terminated: | 09/24/2022<br>09/26/2022 | Motion to Adjourn Conference |
| | *Docket Text:* Consent MOTION to Adjourn Conference *scheduled for Monday, October 3, 2022,* Consent MOTION for Extension of Time to File *documents that are critical for settlement discussions* by 161-10 Hillside Auto Ave, LLC, Jory Baron, Ronald M Baron, Andris Guzman, Hillside Auto Mall, Inc., Ishaque Thanwalla. (Kataev, Emanuel) | | |
| | Filed & Entered: | 09/26/2022 | Order on Motion to Adjourn Conference |
| | *Docket Text:* ORDER [25] Motion to Adjourn Conference: Application granted, on consent. The October 3rd settlement conference is adjourned to **October 24, 2022 at 2:00 p.m.**, and the September 29th document submission deadline is extended to **October 20, 2022**. The Court wishes defense counsel a speedy recovery. Ordered by Magistrate Judge Roanne L. Mann on 9/26/2022. (LK) | | |
| 26 | Filed & Entered: | 10/14/2022 | Notice of Appeal |
| | *Docket Text:* NOTICE OF APPEAL as to [24] Order on Motion to Dismiss for Failure to State a Claim by 161-10 Hillside Auto Ave, LLC, Jory Baron, Ronald M Baron, Andris Guzman, Hillside Auto Mall, Inc., Ishaque Thanwalla. Filing fee $ 505, receipt number ANYEDC-16040318. (Kataev, Emanuel) | | |
| | Filed & Entered: | 10/17/2022 | Electronic Index to Record on Appeal |
| | *Docket Text:* Electronic Index to Record on Appeal sent to US Court of Appeals. [26] Notice of Interlocutory Appeal, Documents are available via Pacer. For docket entries without a hyperlink or for documents under seal, contact the court and we'll arrange for the document(s) to be made available to you. (VJ) | | |
| 27 | Filed & Entered: | 10/24/2022 | Settlement Conference |
| | *Docket Text:* Minute Entry for Settlement Conference held before Magistrate Judge Roanne L. Mann on 10/24/2022. The Court conducts a settlement conference. The parties are directed to respond to the Court's settlement | | |

| | | | |
|---|---|---|---|
| | recommendation, via email, by 4:00 p.m. on October 25, 2022. <u>See attached</u>. (JP) | | |
| | *Filed & Entered:* | 10/25/2022 | Order |
| | *Docket Text:* ORDER re [27] Settlement Conference. All parties have now responded to the Court's settlement proposal. Unfortunately, there is no settlement. The parties should comply with the schedule previously set by the Court. Ordered by Magistrate Judge Roanne L. Mann on 10/25/2022. (JP) | | |
| [28](#) | *Filed & Entered:*<br>*Terminated:* | 11/02/2022<br>11/09/2022 | Motion to Compel |
| | *Docket Text:* MOTION to Compel *Defendants to Provide Discovery Responses /mh* by Leticia Francine Stidhum. (Troy, John) | | |
| | *Filed & Entered:* | 11/03/2022 | Order on Motion to Compel |
| | *Docket Text:* ORDER deferring ruling on [28] Motion to Compel. Defendants' response is due by **November 7, 2022**. Ordered by Magistrate Judge Roanne L. Mann on 11/3/2022. (LK) | | |
| [29](#) | *Filed & Entered:* | 11/07/2022 | Response in Opposition to Motion |
| | *Docket Text:* RESPONSE in Opposition re [28] MOTION to Compel *Defendants to Provide Discovery Responses /mh with cross-request for a protective Order pursuant to Fed. R. Civ. P. 26(c)* filed by 161-10 Hillside Auto Ave, LLC, Jory Baron, Ronald M Baron, Andris Guzman, Hillside Auto Mall, Inc., Ishaque Thanwalla. (Kataev, Emanuel) | | |
| | *Filed & Entered:* | 11/09/2022 | Order on Motion to Compel |
| | *Docket Text:* ORDER granting in part and denying in part [28] Motion to Compel. In a letter-motion filed on November 2, 2022 (DE #28), plaintiff seeks a court order either (1) compelling defendants to "immediately" respond to interrogatories and document demands served on September 1, 2022, or (2) striking defendants' Answer "for their failure to cooperate with [d]iscovery" (DE #28 at 2). In opposing plaintiff's motion, defendants explain that (as plaintiff's counsel knew) defense counsel underwent a surgical procedure in late September, thereby delaying defendants' responses (DE #29 at 2). Defendants also complain that plaintiff's discovery demands "seek irrelevant information concerning assets" and are unduly burdensome and abusive (<u>id.</u>); defendants therefore cross-move for a protective order (<u>id.</u> at 3).<br><br>Counsel on both sides are admonished for seeking judicial intervention without having meaningfully conferred with one another to resolve their discovery disputes. Given defense counsel's medical issues, plaintiff's request to strike defendants' Answer is unfounded and condemnable. That said, defense counsel concedes that he agreed to provide defendants' belated responses by October 31, 2022; while he claims that an all-day mediation prevented him from meeting his self-selected deadline (DE #29 at 2), his submission is silent as to why, in the week that followed, he failed to cure that omission, even when faced with plaintiff's motion to compel.<br><br>Accordingly, defendants are directed, on pain of sanctions, to respond to plaintiff's discovery demands by November 14, 2022. As for defendants' cross-motion for a protective order, that request is procedurally defective in several respects. First, defendants' application was not filed as an ECF motion event, as required by this Court's Individual Rules. Second, defendants do not specifically identify, or provide the Court with copies of, the offending discovery demands for which they seek a protective order. Thus, the Court declines to act on defendants' request, but rejects plaintiff's suggestion that defendants' objections to plaintiff's allegedly improper discovery demands have been "waived" (DE #28 at 1). Counsel are placed on notice that the Court will not entertain any future discovery motion unless the movant certifies that the parties have conferred in a good faith to resolve their disputes without judicial intervention. Ordered by Magistrate Judge Roanne L. Mann on 11/9/2022. (JP) | | |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 11/09/2022 22:34:39 | | | |
| **PACER Login:** | ekesq2014 | **Client Code:** | |
| **Description:** | History/Documents | **Search Criteria:** | 1:21-cv-07163-HG-RLM |

| Billable Pages: | 5 | Cost: | 0.50 |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

LETICIA FRANCINE STIDHUM,

            Plaintiff,

v.

161-10 HILLSIDE AUTO AVE, LLC,
HILLSIDE AUTO MALL, INC., ISHAQUE
THANWALLA, JORY BARON, RONALD M
BARON and ANDRIS GUZMAN,

            Defendants.

**MEMORANDUM & ORDER**
21-CV-07163 (HG) (RLM)

---

**HECTOR GONZALEZ**, United States District Judge:

    Plaintiff Leticia Francine Stidhum ("Plaintiff") brings this action against Defendants 161-10 Hillside Auto Ave, LLC (d/b/a Hillside Auto Outlet), Hillside Auto Mall Inc. (d/b/a Hillside Auto Mall), Ishaque Thanwalla, Jory Baron, Ronald M. Baron and Andris Guzman (collectively, "Defendants") for alleged violations of: (i) Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act, 42 U.S.C. § 2000e *et seq*; (ii) New York State Human Rights Law, N.Y. Exec. § 290 *et seq*.; and (iii) New York City's Pregnant Workers Fairness Act of New York City Human Rights Law, NYC Admin. § 8-107(22) *et seq*. Presently before the Court is Defendants' motion to dismiss Plaintiff's Complaint, Plaintiff's opposition, and Defendants' reply. ECF Nos. 19, 21, 23. For the reasons set forth below, Defendants' motion to dismiss is denied.

## BACKGROUND

    The two corporate defendants in this case, Hillside Auto Outlet and Hillside Auto Mall, are car dealerships located "four blocks away from each other" and allegedly share common owners, managers, and inventory. ECF No. 1 ¶¶ 14–19. Plaintiff alleges that they formed a

single enterprise or, alternatively, jointly employed her. *Id.* ¶ 20. Defendants Thanwalla, Jory Baron, and Ronald Baron are each allegedly part owners of the corporate defendants, and Thanwalla was allegedly one of Plaintiff's supervisors. *Id.* ¶¶ 21–23. Guzman was initially an employee in the Finance Department of Hillside Auto Outlet but, as explained in greater detail below, was later promoted within the department to become one of Plaintiff's supervisors. *Id.* ¶ 24.

Plaintiff alleges that Thanwalla hired her in May 2018 to work at Hillside Auto Outlet and that she was initially supervised by a general manager who is not a party to this case. ECF No. 1 ¶¶ 25–26; ECF No. 19 at 2. In August 2018, Plaintiff's former supervisor was replaced by Guzman, who supervised Plaintiff through the end of her employment. *Id.* ¶¶ 30, 32. Guzman's position was further elevated in December 2018 when Thanwalla went on vacation and Guzman was put in charge of the Finance Department in his absence. *Id.* ¶¶ 45–46. This period coincided almost exactly with when Plaintiff informed her coworkers that she was pregnant. Plaintiff had learned that she was pregnant on November 23, 2018, and she informed her coworkers, including Thanwalla and Guzman, on December 1, 2018. *Id.* ¶¶ 42–44.

Plaintiff alleges that she received her salary, bonus, and commission before Guzman took control of the Finance Department in Thanwalla's absence. *Id.* ¶ 33. However, she alleges that once Guzman took control, her bonus decreased, and she was denied her commission. *Id.* ¶¶ 34, 52. Prior to December 2018, Plaintiff describes her work performance as "exemplary," alleging that she sold between 25 and 31 cars per month. *Id.* ¶ 35. During this period, on the basis of her exemplary performance and unlike all the other car salespeople, Thanwalla gave Plaintiff special access to a program called "Dealertrack," which allowed her to run the credit histories of customers and pre-fill their automobile purchase financing applications. *Id.* ¶¶ 36–37. This

2

special access helped expedite the purchase process for customers, who would otherwise have to wait long periods of time for Guzman and the Finance Department to run their credit histories. *Id.* ¶¶ 38–39. As a result, before Guzman took over the Finance Department, the wait time for Plaintiff's customers to speak with the Finance Department had been a little less than twenty minutes. *Id.* ¶ 47.

However, Plaintiff alleges that after she announced her pregnancy and Guzman took over the Finance Department, the following things happened: (i) her access to Dealertrack was restricted; (ii) Guzman started making her customers wait anywhere between forty and sixty minutes; and (iii) her customers walked out of Hillside Auto Outlet as a result of the longer wait times. *Id.* ¶¶ 36, 49–50. Plaintiff further alleges that due to Guzman's actions she sold only eight to ten cars between the day that she informed her co-workers that she was pregnant and her last day of employment. *Id.* ¶ 51. Plaintiff claims that she called Guzman "constantly" to inquire about the customer wait times during this period. *Id.* ¶ 53. He reportedly told her all salespeople had to wait this long, but Plaintiff alleges that the wait time for other salespeople remained at approximately twenty minutes (compared to her forty to sixty minutes). *Id.* ¶¶ 54–55, 59.

As a result of Plaintiff's drop in sales, her bonus was reduced, and she was denied her commission. *Id.* ¶ 52. When Thanwalla returned from vacation on January 10, 2019, Plaintiff informed him of Guzman's alleged "sabotage." *Id.* ¶ 56. Thanwalla allegedly told Plaintiff he would give her a bonus of two hundred dollars. *Id.* ¶ 57. However, he failed to provide Plaintiff with any bonus, discipline Guzman, or restore Plaintiff's usual wait times. *Id.* ¶¶ 58, 61. On January 14, 2019, Plaintiff resigned. *Id.* ¶ 60.

On January 24, 2019, Plaintiff texted Defendant Jory Baron, a part owner of Hillside Auto Outlet and Hillside Auto Mall, to inform him that she had not been paid her full bonus. *Id.*

3

¶ 62. Baron called Plaintiff and she explained to him why she had quit and how Thanwalla owed her money. *Id.* ¶ 63. Baron told Plaintiff he would call her back the following Monday but did not do so. *Id.* ¶ 64.

Plaintiff previously filed an employment discrimination lawsuit against Defendants in this District in September 2019. *See Stidhum v. 161-10 Hillside Auto Ave, LLC et al*, 19-cv-05458, ECF No. 30 at 5. Defendants moved to dismiss that lawsuit arguing that it was premature because the EEOC had not yet issued Plaintiff a "right-to-sue letter." *Id.* Judge Kovner granted Defendants' motion and dismissed the case without prejudice with leave to refile the Complaint "once the EEOC either (i) dismisses her charge and issues her a proper notice of right to sue, or (ii) processes her charge for an additional eighty-nine days and issues her a proper notice of right to sue." *Id.* at 9–10.

The EEOC issued Plaintiff a notice of right to sue on September 30, 2021, and Plaintiff subsequently filed her Complaint. ECF No. 1 ¶ 10. Defendants then filed this motion to dismiss principally contending that Plaintiff's Complaint fails to plausibly allege that Defendants: (i) took adverse action against her, and (ii) that her sex, pregnancy or "disability" was a motivating factor in any employment decision. ECF No. 19 at 7.

## **LEGAL STANDARD**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "When determining the sufficiency of plaintiffs' claim for Rule 12(b)(6) purposes, consideration is limited to the factual allegations in

4

plaintiffs' amended complaint, which are accepted as true, to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993). The Court must draw all reasonable inferences in favor of the non-moving party, however, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a plausible claim. *Iqbal*, 556 U.S. at 678.

## DISCUSSION

### I. Title VII and NYSHRL Claims

Under Title VII of the Civil Rights Act of 1964 ("Title VII"), it is unlawful for an employer "to discharge . . . or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a)(1). The Pregnancy Discrimination Act amended Title VII to define discrimination "on the basis of sex" to include discrimination "because of or on the basis of pregnancy, childbirth, or related medical conditions." *Farmer v. Shake Shack Enters, LLC*, 473 F. Supp. 3d 309, 323 (S.D.N.Y. 2020) (quoting 42 U.S.C. § 2000e(k)). The Pregnancy Discrimination Act therefore "makes clear that Title VII's prohibition against sex discrimination applies to discrimination based on pregnancy." *Id.*

Plaintiff also alleges that she was discriminated against on the basis of her pregnancy in violation of the New York State Human Rights Law ("NYSHRL"). ECF No. 1 ¶ 1. "Claims under both Title VII and the NYSHRL, including sex and pregnancy discrimination, are generally treated as analytically identical and addressed together. Both are governed by the familiar three-step burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*,

5

411 U.S. 792 (1973)." *Farmer*, 473 F. Supp. 3d at 323–24 (internal citations and quotation marks omitted). That framework applies at the summary judgment stage and requires a plaintiff to "establish a *prima facie* case of discrimination by showing that: (1) she is a member of a protected class; (2) she is qualified for the position; (3) she suffered an adverse employment action; and (4) the circumstances giving rise to an inference of discrimination." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 83 (2d Cir. 2015).

However, at the motion to dismiss stage, a plaintiff "is not required to plead a *prima facie* case under *McDonnell Douglas*." *Vega*, 801 F.3d at 84. In order to defeat a motion to dismiss, a plaintiff must "plausibly allege that (1) the employer took adverse action against [her] and (2) [her] race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Id.* at 87. In assessing whether a plaintiff's allegations are plausible, "the court must be mindful of the elusive nature of intentional discrimination" and that plaintiffs will "rarely" be able to present "direct, smoking gun, evidence of discrimination" "[b]ecause discrimination claims implicate an employer's usually unstated intent and state of mind." *Id.* at 86 (internal quotation marks omitted). A plaintiff may therefore meet her pleading burden "by identifying bits and pieces of evidence that together give rise to an inference of discrimination." *Id.* at 87 (internal quotation marks omitted).

1. Adverse Action

Defendants argue that because Plaintiff admits she voluntarily resigned, she does not meet the required elements of an adverse employment action, which requires "a materially adverse change in the terms and conditions of employment such as termination, demotion evidenced by a decrease in salary or wage, being given a less distinguished title, a material loss in benefits, significantly diminished material responsibilities, or some other action deleterious to

6

the plaintiff's current or future employment." ECF No. 19 at 6–7 (citing *Davis-Garett v. Urban Outfitters, Inc.*, 921 F.3d 30, 43 (2d Cir. 2019)). Plaintiff agrees that "[a]n adverse employment action is one which is more disruptive than a mere inconvenience or alteration in job responsibilities," but argues that she has pleaded significantly diminished material responsibilities and a decrease in take-home pay (including a reduction in bonuses), which satisfy the standard. ECF No. 21 at 8 (citing *Vega*, 801 F.3d at 85).

Plaintiff's allegations that she was deprived access to the Dealertrack program and "could no longer run customer credit scores or pre-fill financing applications" are not enough to constitute adverse action because as Plaintiff herself described, she was given unique access and received a benefit that none of her colleagues received. ECF No. 21 at 8; ECF No. 1 ¶¶ 36–37, 39. However, the Court finds that a decrease in Plaintiff's take-home pay can constitute an adverse action. *See Davis v. N.Y. City Dep't of Educ.*, 804 F.3d 231, 236 (2d Cir. 2015) (finding that "[t]he district court erred in ruling that denial or reduction of a bonus could not constitute an adverse employment action"); *McKenna v. Santander Inv. Secs., Inc.*, No. 21-cv-941, 2022 WL 2986588, at *9 (S.D.N.Y. July 28, 2022) (finding that a plaintiff presented sufficient evidence to raise a question of fact as to whether defendants discriminated against her as a result of her pregnancy by reducing her bonuses). Here, Plaintiff has plausibly alleged that Defendants decreased her bonus by increasing the average wait time for her customers after she announced her pregnancy, without doing the same to the customers of her non-pregnant coworkers, thereby decreasing the number of sales she was able to make. *See* ECF No. 1 ¶¶ 47, 49–52.

2. Motivating Factor

Defendants further argue that Plaintiff's claim of discriminatory intent amounts to "speculation and conjecture, and must . . . be treated as a conclusory assertion rather than a well-

7

pled fact." ECF No. 19 at 6. The Second Circuit held that at the pleadings stage of an employment discrimination case, "a plaintiff has a *minimal* burden of alleging facts suggesting an inference of discriminatory motivation . . . . [T]he facts alleged in the complaint must provide at least minimal support for the proposition that the employer was motivated by discriminatory intent." *Vega*, 801 F.3d at 85 (citing *Littlejohn v. City of New York*, 795 F.3d 297, 310 (2d Cir. 2015)) (internal quotation marks omitted). Plaintiff alleges that, as compared to her non-pregnant coworkers, her customers' wait times increased (thus impacting her bonus and commission) after she told her colleagues and supervisors about her pregnancy. ECF No. 1 ¶¶ 43, 47–55. The Court finds that Plaintiff has met her "minimal" burden by alleging that the adverse employment action began once she announced her pregnancy. *See Vale v. Great Neck Water Pollution Control Dist.*, 80 F. Supp. 3d 426, 437 (E.D.N.Y. 2015) ("As other courts within the Second Circuit have held, temporal proximity is sufficient to raise an inference of discrimination to plausibly state a claim of employment discrimination.") (citation and internal quotation marks omitted). "On a motion to dismiss, the question is not whether a plaintiff is *likely* to prevail, but whether the well-pleaded factual allegations *plausibly* give rise to an inference of unlawful discrimination." *Vega*, 801 F.3d at 87. Accordingly, Plaintiff sufficiently alleges facts suggesting an inference of discriminatory motivation.

## II.   NYCHRL Claim

Plaintiff further alleges that Defendants discriminated against her on the basis of her pregnancy in violation of the New York City Human Rights Law ("NYCHRL"). ECF No. 1 ¶ 87 (citing N.Y.C. Admin. Code § 8-107(22)). "The New York City Human Rights Law was intended to be more protective than [its] state and federal counterpart. To state a claim for gender discrimination under the NYCHRL, a plaintiff need only show differential treatment—

8

that she is treated less well—because of a discriminatory intent." *Antoine v. Brooklyn Maids 26, Inc.*, 489 F. Supp. 3d 68, 84 (E.D.N.Y. 2020) (internal citation and internal quotation marks omitted). Because Plaintiff has adequately pled a claim for employment discrimination under Title VII and NYSHRL, she has also done so under the NYCHRL. *Id.* at 84–85.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is DENIED.

SO ORDERED.

>  */s/ Hector Gonzalez*
> HECTOR GONZALEZ
> United States District Judge

Dated: Brooklyn, New York
September 15, 2022

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
------------------------------------------------------------------X
LETICIA FRANCINE STIDHUM,

                                     Plaintiff,

   -against-

161-10 HILLSIDE AUTO AVE, LLC d/b/a Hillside
Auto Outlet, HILLSIDE AUTO MALL INC. d/b/a
Hillside Auto Mall, ISHAQUE THANWALLA,
JORY BARON, RONALD M. BARON, and
ANDRIS GUZMAN,

                                     Defendants.
------------------------------------------------------------------X

**Docket No.: 22-2714**

**ADDENDUM "B" TO CIVIL PRE-ARGUMENT STATEMENT**

<u>Issue(s) to be raised on appeal</u>

Whether a resultant decrease in take-home pay in non-discretionary bonuses based on the volume of vehicles sold due to an increase in waiting time constitutes an adverse employment action under Title VII of the Civil Rights Act of 1964.

Whether the complaint failed to state a claim upon which relief can be granted.

<u>Standard of review</u>

*de novo* (for both issues).

Dated:  Lake Success, New York
        November 9, 2022

**MILMAN LABUDA LAW GROUP PLLC**

  */s Emanuel Kataev, Esq.*_____
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 303-1395 (direct dial)
(516) 328-0082 (facsimile)
emanuel@mllaborlaw.com

*Attorneys for Defendant-Appellants*